Affirmed in part, Reversed and Remanded in part, and Majority and
Concurring Opinions filed August 26, 2004









Affirmed in part, Reversed and Remanded in part, and Majority and Concurring
Opinions filed August 26, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00740-CV

_______________

 

ALTIVIA CORPORATION, Appellant

 

V.

 

GREENWICH INSURANCE COMPANY,
Appellee

___________________________________________________________________

 

On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 02‑05067

___________________________________________________________________

 

M A J O R I T Y  
O P I N I O N

 

In
this liability insurance coverage dispute, Altivia Corporation (AAltivia@) appeals a summary judgment entered
in favor of Greenwich Insurance Company (AGreenwich@) on the grounds that Greenwich had a
duty to defend under Altivia=s Commercial General Liability policy (ACGL@) and its Employee Benefit Liability
endorsement (AEBL@) to the CGL.  We affirm in part and reverse and remand in
part.








Background

Altivia
was sued by a former employee, Hidrogo, who alleged that he was: (1) wrongfully
terminated in retaliation for filing a workers= compensation claim; and (2) defamed
by Altivia employees to other prospective employers.  Altivia sued Greenwich for coverage under the
CGL and EBL, Greenwich moved for summary judgment against those claims, and the
trial court granted a take-nothing summary judgment against Altivia.

Standard of Review

A
traditional summary judgment may be granted if the motion and summary judgment
evidence show that there is no genuine issue of material fact and the moving
party is entitled to judgment as a matter of law on the issues expressly set
out in the motion or response.  Tex. R. Civ. P. 166a(c).  We review a summary judgment de novo, taking
all evidence favorable to the nonmovant as true and resolving every doubt, and
indulging every reasonable inference, in the nonmovant=s favor.  Provident Life and Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 215 (Tex. 2003).

A
liability insurer is obligated to defend a suit if the facts alleged in the pleadings
would give rise to any claim within the coverage of the policy.  Utica Nat=l Ins. Co. v. Am. Indem. Co., __ S.W.3d __, __ (Tex. 2004).  An insurer=s duty to defend is determined solely
by the allegations in the pleadings and the language of the insurance
policy.  King v. Dallas Fire Ins. Co.,
85 S.W.3d 185, 187 (Tex. 2002).  The
insurer bears the burden to show that a policy exclusion applies, and courts
adopt the insured=s construction of an exclusion whenever it is reasonable,
even where the construction urged by the insurer appears to be more
reasonable.  Utica, __ S.W.3d at
__, __.

CGL

Altivia=s first issue contends that Greenwich
had a duty to defend against Hidrogo=s allegations of libel and slander
under the CGL.  The thrust of those
allegations was that:








[Altivia], by and through its authorized agents, has
slandered and defamed [Hidrogo] to other trucking companies which has prevented
him from obtaining other employment. 
[Altivia] published and caused to be published statements substantially
to the effect that [Hidrogo] had two accidents while employed with
[Altivia].  These words reflected upon
the business and personal integrity of [Hidrogo]. . . .  These statements, expressly and by implication,
constituted slander and slander per se. . . .  They adversely affected his reputation, both
personally and professionally. . . . 
These statements were false and malicious.

 

The relevant
portions of the CGL policy: (1) generally provide coverage for sums the insured
becomes legally obligated to pay as damages because of Apersonal injury,@ including oral or written
publication of material that slanders or libels a person; but exclude coverage
for: (2) such a personal injury if done by the insured with knowledge of its
falsity; and (3) personal injury arising out of any termination of a person=s employment or Aemployment related@ acts or omissions, such as
defamation (the AERP exclusion@).








Hidrogo=s petition does not specify the
context of the alleged statements or the persons by whom, time frame in which,
or purpose for which the statements were allegedly made.  To the extent they were alleged to be made in
response to routine employment inquiries to Altivia by other prospective
employers, they would be employment related acts subject to the ERP exclusion.[1]  Conversely, to the extent the statements were
otherwise alleged to be made by Altivia=s authorized agents, such as to
subject Altivia to liability, and were false and malicious, as Hidrogo=s petition alleges, they would have
allegedly been made by Altivia with knowledge of their falsity and thus also
outside the scope of coverage. 
Therefore, based on the allegations in Hidrogo=s pleadings and the language of the
CGL, Altivia has not shown how Hidrogo=s libel and slander allegations could
give rise to any claim that would be within the coverage of the CGL.[2]  Accordingly, its first issue is overruled.

EBL

Altivia=s second issue argues that Greenwich=s duty to defend against Hidrogo=s claim of wrongful termination under
the EBL was not limited to negligent acts, as Greenwich=s motion for summary judgment had
asserted.  The relevant portions of the
EBL provide:

1.         Insuring Agreement

 

a.         [Greenwich] will pay those sums that
the insured becomes legally obligated to pay as damages because of acts, errors
or omissions arising out of the administration of [Altivia=s] employee benefit program.

 

*          *          *          *

 

c.         This insurance applies to damages
because of a negligent act, error or omission in the administration of [Altivia=s] employee benefit program only if: . . . .

 

We agree with
Altivia that subsection 1c does not limit the entire scope of the EBL coverage to
negligent acts, but merely limits the extent of coverage for negligent
acts thereunder.  Because this was
Greenwich=s only basis for asserting that the
EBL did not provide a duty to defend against the wrongful termination claim, we
sustain Altivia=s second issue.[3]








Accordingly,
the judgment of the trial court is reversed and remanded with regard to Altivia=s claim under the EBL for Hidrogo=s wrongful termination claim and
affirmed as to the remainder.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed August 26, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore. 
(Seymore, J., concurring.)

 

 











[1]           See
Waffle House, Inc. v. Travelers Indem., 114 S.W.3d 601, 609 (Tex. App.CFort Worth 2003, pet. denied) (distinguishing Penn.
Nat=l Mut. Cas. Ins. Co. v. Kitty Hawk Airways, Inc., 964 F.2d 478, 481 (5th Cir. 1992) as having
involved such an inquiry).





[2]           We
thus conclude that Altivia=s reliance on Waffle House to support its first
issue is misplaced.  The basis for the
holding in that opinion was that the defamatory statements were made out of
Waffle House=s attempt to prevent its employees from leaving rather
than being related to the plaintiff=s
termination.  See Waffle House,
114 S.W.3d at 608-09.  No such ulterior
motive was alleged in this case. 
Moreover, even statements made for the purpose of preventing employees
from leaving are employment related acts. 
We further disagree with the apparent reasoning of that opinion that an
ERP exclusion can apply only where the alleged misconduct arises out of the
plaintiff=s termination, rather than another employment-related
act.





[3]           We
express no opinion on any other aspect of the applicability, if any, of the EBL
to Hidrogo=s claim.